# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

EDUARDO MOLINA BRACERO,

    Plaintiff,

v.

MICHAEL E. RAIDEN, et al.,

    Defendants.

Case No. 8:09-cv-2554-T-30TGW

## O R D E R

This matter comes before the Court upon review of the file. Plaintiff, a prisoner confined in Polk County Jail, Bartow, Florida, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1) in which he alleges that several judges, public defenders and state attorneys violated his civil and constitutional rights during criminal proceedings against him. For relief, Plaintiff asks this Court to dismiss all charges for which he has been found guilty, order his immediate release from incarceration, and order defendants be "punished" for their actions (Id. at pg. 2).

The relief Plaintiff seeks is not available in a § 1983 cause of action. Plaintiff must pursue relief under 28 U.S.C. § 2254. An individual seeking to challenge his conviction or confinement files a "petition for writ of habeas corpus" pursuant to § 2254. 28 U.S.C. § 2254(a). Claims challenging the fact of conviction or duration of the sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under 42 U.S.C. § 1983. *Nelson v. Campbell*, 541 U.S. 637

(2004); *see also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that "when a state prisoner is challenging the very fact or duration of his physical imprisonment and the relief he seeks is a determination that he is entitled to immediate release or speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"). Thus, a civil rights action under § 1983 is the appropriate relief when a state prisoner constitutionally challenges the conditions of his confinement, but not the fact or length of his incarceration. *Preiser*, 411 U.S. at 499. *See also Cook v. Baker*, 139 Fed.Appx. 167, 168 (11th Cir. 2005).

ACCORDINGLY, the Court **ORDERS** that:

1. The complaint is **DISMISSED** for failure to state a claim on which relief may be granted.[1] The **Clerk** shall enclose a copy of the court-approved form used in filing a request for federal habeas relief pursuant to 28 U.S.C. § 2254 with Plaintiff's copy of this order.

2. The **Clerk** shall terminate all pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on December 28, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Plaintiff *pro se*

---

[1] 28 U.S.C. § 1915(e)(2)(B)(ii) provides that in actions where a party is proceeding *in forma pauperis* "...the court shall dismiss the case at any time if the court determines that....the action...fails to state a claim on which relief may be granted..." Plaintiff seeks leave to proceed in this action *in forma pauperis* (See Dkt. 2).